UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00261-04 |
| | CIVIL ACTION NO. 12-1047 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTOINE L. JONES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 185) filed by Petitioner Antoine L. Jones ("Jones"). Jones seeks an order from the Court vacating or reducing his sentence on the grounds that he received ineffective assistance of counsel "during pretrial stage of the proceedings," during plea negotiations, and at sentencing. See id. He also alleges that his counsel was ineffective for failing to file a notice of appeal. See id. The Government has answered Jones' motion. See Record Document 196. Jones filed a reply. See Record Document 205. For the reasons set forth below, Jones' Section 2255 motion is **GRANTED IN PART** to the extent that he is entitled to an evidentiary hearing as to his ineffective assistance of counsel claim relating to his former attorney's failure to file a notice of appeal. The Section 2255 motion is **DENIED AND DISMISSED WITH PREJUDICE** in all other respects.

**BACKGROUND**

On August 25, 2010, Jones was charged in five count Indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 1) and one count of possession with intent to distribute five grams or more of crack cocaine (Count 5). See Record Document 1. Warren Thornell ("Thornell") enrolled as appointed counsel on September 2, 2010. See Record Document 40. Later, on October 7, 2010, the

appointment of Thornell was terminated and Eric Johnson ("Johnson") enrolled as retained counsel. See Record Document 78.

On November 2, 2010, pursuant to a written plea agreement, Jones plead guilty to Count Five which charged him with possession with intent to distribute 5 grams or more of crack cocaine. See Record Documents 89 & 90. Prior to the guilty plea, the Government had filed an Information to Establish Prior Conviction in Accordance with 21 U.S.C. § 851. See Record Document 86.

On April 13, 2011, Jones was sentenced to 120 months imprisonment. See Record Documents 140 & 141. The Pre-Sentence Report ("PSR") calculated the total offense level at 23 with a criminal history category of IV, which resulted in a imprisonment guideline range of 70-87 months. See Record Document 137. However, because the Government had filed a Section 851 Notice, Jones faced a mandatory minimum sentence of 120 months followed by an eight year term of supervised release. See Record Documents 86, 137, 140 & 141. Jones filed neither a Notice of Appeal with the United States Fifth Circuit Court of Appeals nor applied for writ of certiorari with the United States Supreme Court.

Jones timely filed the instant Section 2255 motion on April 26, 2012. See Record Document 185. The Government answered the motion on August 10, 2012. See Record Document 196. Jones filed a reply on October 18, 2012. See Record Document 205.

On June 18, 2013, Jones filed a Supplemental Motion to Vacate requesting a sentence reduction in accordance with the Fair Sentencing Act of 2010. See Record Document 241. The Government answered this motion and agreed that Jones should be resentenced pursuant to the Fair Sentencing Act of 2010 and Dorsey v. U.S., — U.S. —, 132 S.Ct. 2321 (2012). See Record Document 252. The Court granted the supplemental

Section 2255 motion and resentenced Jones to 87 months on January 8, 2014. See Record Documents 253, 282 & 283. Thus, the only relevant issues before the Court at this time are contained in Jones' original Section 2255 motion. See Record Document 185.

In his Section 2255 motion, Jones asserts the following grounds for relief:

1. Ineffective assistance of counsel during the pretrial stage of the criminal proceeding, specifically:

    a. The short length of time between the enrollment of retained counsel and Jones' guilty plea;

    b. Counsel's failure to conduct adequate pre-trial investigation;

    c. Counsel's failure to file any pre-trial motions to test the strength of the Government's case and to determine the best course for Jones; and

    d. Counsel rushed Jones to judgment and failed to put the Government's case to any adversarial test.

2. Ineffective assistance of counsel in plea negotiations, specifically:

    a. Counsel failed to negotiate a more favorable plea; and

    b. Counsel provided ineffective assistance of counsel during the plea negotiation phase under recent Supreme Court decisions Missouri v. Frye, — U.S. —, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, — U.S. —, 132 S.Ct 1376 (2012).

3. Ineffective assistance of counsel at sentencing, specifically:

    a. Failure to file any objections to the PSR;

    b. Failure to challenge the validity of Jones' prior conviction which enhanced his sentence; and

    c. Failure to challenge the criminal history category.

4. Ineffective assistance of counsel because counsel failed to file a Notice of Appeal despite Jones' request to do so.

Id. The Court will now move to its analysis of each of the grounds outlined in Jones' 2255

motion.

## LAW AND ANALYSIS

**I.     Legal Standards.**

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct

appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). A defendant who fails to challenge his conviction or sentence on direct review, but who raises either constitutional or jurisdictional error for the first time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the asserted error, or must demonstrate that he is "actually innocent." Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); Segler, 37 F.3d at 1133.

In order to prevail on a claim of ineffective assistance of counsel, Jones must prove (1) that his counsel's actions were deficient, i.e., fell below an objective standard of reasonableness; and (2) that his counsel's deficient performance prejudiced the defense, i.e., his attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Jones bears the burden of proving both prongs of the Strickland test. See U.S. v. Franks, 230 F.3d 811, 813 (5th Cir. 2000). "Failure to establish deficient performance or prejudice defeats an ineffective assistance claim." Id. Courts need not analyze the Strickland prongs in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

Under the first prong of the Strickland test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the defendant

must show "that there is reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). In other words, "to establish prejudice . . ., a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998).

Finally, "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, and the waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." U.S. v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008) (internal citation and quotation marks omitted). In the context of a guilty plea and in order to show prejudice for an ineffective assistance of counsel claim, a habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (internal citations and quotation marks omitted).

## II. Ineffective Assistance of Counsel.

Jones alleges four separate grounds of ineffective assistance of counsel. In his motion, he stated that a "memorandum of law in support of this § 2255 motion will be filed in approximately 45 days." Record Document 185 at 4, 5, 7 & 8. To date, no such memorandum has been filed.

### A. Ground One: Ineffective Assistance of Counsel During the Pretrial Stage of the Criminal Proceeding.

Jones argues that his counsel was ineffective during the pretrial stage of the proceedings, specifically noting the short length of time between the enrollment of retained counsel and the guilty plea; counsel's failure to conduct adequate pre-trial investigation; counsel's failure to file any pre-trial motions; and counsel's failure to put the Government's case to any adversarial test. See Record Document 185 at 4. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. Additionally, "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Here, Jones does not disclose what, if any, information would have been revealed by additional pretrial investigation. He likewise fails to give any basis for specific pretrial motions which should or could have been filed. His allegations regarding the short length of time between Johnson's enrollment and his guilty plea and his counsel's failure to put the Government's case to any adversarial test are the type of mere conclusory allegations that are insufficient to raise constitutional issues. See Green, 160 F.3d at 1042. Jones has also failed to demonstrate how the alleged ineffectiveness of his counsel relates to the voluntariness of his guilty plea. See Cavitt, 550 F.3d at 441. For these reasons, his

Page 7 of 13

ineffective assistance of counsel claims set forth in ground one fail.

**B.    Ground Two: Ineffective Assistance of Counsel in Plea Negotiations.**

Jones argues that his counsel was ineffective during plea negotiations because he failed to negotiate a more favorable plea. See Record Document 185 at 5. In support of his position, Jones points to the recent Supreme Court decisions, Missouri v. Frye, — U.S. —, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, — U.S. —, 132 S.Ct 1376 (2012). In Frye, defense counsel did not communicate a plea offer to the defendant before it lapsed. See Frye, 132 S.Ct. at 1404. The Supreme Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. at 1408. The Court further held:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

Id. at 1409. In Lafler, the Supreme Court addressed "how to apply Strickland's prejudice test where ineffective assistance, [i.e., incorrect legal advice,] results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." Lafler, 132 S.Ct. at 1384.

Here, Jones was permitted to plea to Count 5 (possession with intent to distribute five grams or more of crack cocaine) rather than Count 1 (conspiracy to possess with intent to distribute 50 grams or more of crack cocaine). Pleading to the conspiracy would have

likely resulted in a lengthier sentence. Moreover, Jones has failed to demonstrate that the Government offered a more favorable plea agreement than his counsel disclosed to him and/or that he turned down such a favorable plea offer based upon incorrect legal advice.[1] Simply put, Jones has not shown that the holdings of either Frye or Lafler apply in the instant matter. Finally, he has failed to elaborate on his conclusory allegations regarding the alleged ineffective assistance of counsel in the context of plea negotiations. See Green, 160 F.3d at 1042 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). For these reasons, his ineffective assistance of counsel claims set forth in ground two fail.

### C.  Ground Three: Ineffective Assistance of Counsel at Sentencing.

Jones argues that his counsel was ineffective during sentencing, specifically by failing to file any objections to the PSR; failing to challenge the validity of the prior conviction which enhanced his sentence; and failing to challenge the criminal history category. See Record Document 185 at 4. He acknowledges that he was subject to a mandatory minimum sentence; however, he argues that the "state sentence used by the [G]overnment [to enhance his sentence] was a null and void sentence." Record Document 205 at 12.

Section D(1) of the plea agreement provides:

ANTOINE JONES understands and agrees that:

1.  the maximum punishment for Count 5 is a term of imprisonment of *not less than 10 years or more than life*, or a fine of not more than $4,000,000, or both (pursuant to 21 U.S.C. § 841 and **the notice of**

---

[1] In fact, in his reply, Jones seems to admit that he accepted "the first plea offer." Record Document 205 at 11.

**prior conviction pursuant to 21 U.S.C. § 851**).

Record Document 90 at 2 (emphasis added).  Both the enhanced 10 year sentence and the filing of Section 851 notice were clearly referenced in the plea agreement.  Jones signed the plea agreement, thereby attesting that he had read the plea agreement and discussed it with this attorney; fully understood the plea agreement; and plead guilty voluntarily and of his own free will.  See id. at 6.  By entering a plea of guilty, Jones has waived "all nonjurisdictional defects in the proceedings, . . . includ[ing] all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."  Cavitt, 550 F.3d at 441.  Here, Jones' ineffective assistance of counsel arguments relating to his counsel's performance at sentencing do not relate to the voluntariness of his guilty plea.  Such claims are, therefore, waived and Jones' ineffective assistance of counsel claims set forth in ground three fail.

**D.   Ground Four:  Ineffective Assistance of Counsel Due to Failure to File Notice of Appeal.**

The Government conceded that if Jones were to establish that he did request an appeal and counsel did not file a Notice of Appeal as requested, he would be entitled to a grant of his motion with respect to ground four.  See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000); see also U.S. v. Tapp, 491 F.3d 263 (5th Cir. 2007).  However, in the absence of such a showing, Jones is not entitled to a direct appeal, as he has forfeited such right.

Throughout his Section 2255 motion, Jones states that he "waived his right to direct appeal."  Record Document 185 at 4 & 7.  Yet, there is nothing in the plea agreement indicating that Jones made such a waiver.  See Record Document 90.  The Government

has submitted an *undated* document signed by Jones, wherein he stated "that he does not desire any appeal to be filed in the sentence imposed." Record Document 196-2 at 3. In conjunction with its answer, the Government also presented the affidavits of defense counsel and his paralegal. See id. at 1-2, 4-5. Johnson stated:

> I notarized an affidavit sworn to and signed by Antoine Jones which states he does not have any desire to file an appeal in the sentence imposed by the Honorable S. Maurice Hicks, Jr. on April 13, 2011. Antoine Jones signed said affidavit after I thoroughly explained his right to appeal his sentence as it was imposed, the significance of having received the minimum sentence allowable by law and answered any questions he had. Antoine Jones was relieved to have received the minimum sentence, and at no time, requested that I file a notice of appeal with regard to his sentence.

Id. at 1. Paralegal Kelley Smith attested:

> I was present and witnessed Antoine Jones sign a sworn affidavit stating he did not wish to file an appeal in this matter. This affidavit was signed by Antoine Jones in the Federal Courthouse on April 13, 2011. Antoine Jones freely and voluntarily signed said affidavit with the full benefit of Eric Johnson having explained to him what it meant. In fact, Antoine Jones was pleased that he has received the minimum sentence allowable and thanked Eric Johnson for his work in securing that outcome.
>
> I did not, at any time, receive a request from Antoine Jones, or anyone on his behalf, for information regarding an appeal.

Id. at 4-5.

As part of his reply, Jones contends that all of the affidavits submitted by the Government are "not truthful and that Johnson has gone to great lengths to try and convince the Court that [Jones] never made such a request [to appeal]." Record Document 205 at 12-13. Jones also filed a sworn declaration, under the penalty of perjury, that he "repeatedly requested" his counsel to file a notice of appeal. See Record Document 205-1 at ¶ 6.

As noted previously, the Supreme Court has held that an attorney's failure to file a

requested notice of appeal is *per se* ineffective assistance of counsel, even if the appeal would not have merit. See Roe, 528 U.S. at 483, 120 S.Ct. at 1038; see also Tapp, 491 F.3d at 265. Here, Jones contends that his counsel failed to file a notice of appeal after he specifically requested him to do so. "To succeed on this claim, [Jones] must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." Tapp, 491 F.3d at 265. Based on the record, it is not conclusive whether Jones instructed his counsel to file a notice of appeal. Jones claims, under penalty of perjury, that he instructed his counsel to file a notice of appeal and his attorney failed to do so. See Record Document 205-1 at ¶ 6. Yet, the Government has submitted an affidavit from Johnson, in which he swore that Jones never expressed a desire to file an appeal. See Record Document 196-2 at 1-2. The Jones affidavit submitted by the Government is not dated and Jones contends that it is not legally binding. See id. at 3; Record Document 205 at 14-15. Thus, the record does not provide any other evidence which resolves the competing assertions.

In light of this dispute, the Court must determine whether an evidentiary hearing should be held on Jones' claim. Section 2255(b) provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). "If the evidence does not 'conclusively show' whether the petitioner requested that counsel file an appeal," an evidentiary hearing must be held on the issue. Tapp, 491 F.3d at 266. When a district court rules on a section 2255 motion, it may not decide "[c]ontested factual issues . . . on the basis of affidavits alone unless the affidavits

are supported by other evidence in the record." U.S. v. v. Pena-Gravito, 539 Fed. App'x 506 (5th Cir. 2013), citing U.S. v. Hughes, 635 F.2d 449, 451 (5th Cir.1981). Because there is a factual dispute as to whether Jones instructed Johnson to file a notice of appeal, and there is no evidence other than the parties' dueling statements, the Court must order an evidentiary hearing on this issue.[2] The matter is hereby **REFERRED** to the Magistrate Judge to conduct an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Jones' Section 2255 motion as to his ineffective assistance of counsel claim against his former attorney for failing to file a notice of appeal is **GRANTED IN PART** to the extent Jones is entitled to an evidentiary hearing on the issue. The motion is **DENIED AND DISMISSED WITH PREJUDICE** in all other respects.

An Order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of September, 2015.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] If, after the hearing, this Court finds that Jones, in fact, requested counsel to file a notice of appeal, the Court may grant an out-of-time appeal. See U.S. v. Cooley, 549 Fed. App'x 307, 308 (5th Cir.2013), citing U.S. v. West, 240 F.3d 456, 459 (5th Cir.2001).